IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

MATTHEW MICHAEL KEATING                                                          PLAINTIFF

v.                                          Case No.: 08-cv-5243

RANDALL DENZER,
Jail Administrator; and
SHERIFF TIM HELDER                                                               DEFENDANTS

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

The Plaintiff, Matthew Keating, filed this civil rights action pursuant to 42 U.S.C. § 1983. He proceeds *pro se* and *in forma pauperis*. Defendants filed a **Motion for Summary Judgment (Doc. 13)** and, to assist Plaintiff in responding to the summary judgment motion, a questionnaire was propounded by the Court (Doc. 17). The matter has been referred to the undersigned for a report and recommendation.

Plaintiff's claims stem from the time he was incarcerated at the Washington County Detention Center. Plaintiff claims that on June 24, 2008, he was accused by jailers at the Washington County Detention Center of bringing methamphetamine into the facility and disseminating this controlled substance to the inmate population. Jailer William Hurley told Plaintiff there was suspicion he had methamphetamine concealed on his person. Plaintiff states he offered to submit to a uranalysis, as well as a strip search and to be placed in a "dry cell" and defecate to prove there were no drugs hidden on his person. Plaintiff states he asked to speak to his attorney, and was repeatedly grilled by jailers for almost an hour before he was restrained and taken to the Washington Regional Medical Center ("WRMC"). The Medical Records from WRMC state the

following: "KUB[1] performed which showed no foreign material.  Following this Fleet Enema was administered rectally.  Per nurse stool output showed no signs of any foreign material."  Plaintiff was never charged with a criminal offense as a result of the suspected introduction of methamphetamine into the facility.

Plaintiff states that when he returned from WRMC, he was placed in disciplinary segregation for eleven days without a blanket, mat, pencil, paper, or pillow in a "very cold cell with no way to grieve this malicious treatment."  Plaintiff states he was never notified of any charges of a disciplinary violation and that he was locked down with no explanation other than "you know why." Plaintiff alleges that he was forced to sleep on a cold, steel bunk without a mattress, and all he had for clothing was a jumpsuit and boxer shorts, no socks.  Plaintiff states he "froze the entire 11 days" of his lockdown.  Verbally, Plaintiff requested blankets and a mattress and was told he would receive no mattress, pillow, or blanket.

Plaintiff also alleges that, on December 29, 2008, four pieces of his mail were not returned to him after deputies checked them for contraband.

Summary judgment is proper if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  *See* Fed. R. Civ. P. 56 (c).  The court views the evidence and the inferences which may be reasonably drawn from the evidence in the light most favorable to the nonmoving party.  *See Adkison v. G.D. Searle & Co.*, 971 F.2d 132, 134 (8th Cir.1992).  The moving party has the burden of showing the absence of a genuine issue of material fact and that it is entitled to judgment as a matter of law.  *See Anderson v. Liberty Lobby, Inc.*, 477

---

[1]A KUB is a diagnostic medical imagining technique of the abdomen.  It stands for Kidneys, Ureters, and Bladder.

U.S. 242, 247 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

Viewing the evidence under these exacting standards, there appear to be genuine issues of material fact precluding the grant of summary judgment on Plaintiff's claims. Accordingly, the undersigned recommends **DENYING** Defendants' **Motion for Summary Judgment (Doc. 13)**.

Many of the individuals involved in the constitutional violations alleged by Plaintiff were not identified until the filing of Defendants' summary judgment motion. The undersigned will enter a separate order directing service of Plaintiff's Complaint (Doc. 1), Defendants' Motion for Summary Judgment (Doc. 15), Plaintiff's Response thereto (Doc. 17), as well as this Report and Recommendation upon these individuals.

**The parties have fourteen days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **8th day of March 2010.**

/s/ *Erin L.Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE